IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:14-mj-02034-DPR |
| | ) | |
| JAMES HAJNY, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR
A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)**

The United States of America, through Tammy Dickinson, United States Attorney for the Western District of Missouri, requests pretrial detention and a detention hearing pursuant to Title 18, United States Code, Sections 3142(e)(1), (e)(3), and (f)(1)(A) and (f)(2)(A) and (B).

**Supporting Suggestions**

1. Title 18, United States Code, Section 3142(f)(1)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves a crime of violence as defined in Title 18, United States Code, Section 3156(a)(4)(C), which includes the sexual exploitation of a child in violation of Title 18, United States Code, Chapter 110, Section 2251, and the offense of receiving child pornography in violation of Title 18, United States Code, Chapter 110, Section 2252(a)(2).

2. The statute recognizes two additional situations which allow for a detention hearing and

1

which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

> When there is a serious risk that the defendant will flee; or,
>
> When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."
>
> *See 18 U.S.C. §3142(f)(2)(A) and (B).*

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves child exploitation in violation of Title 18, United States Code, Section 2251 and receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2). S*ee 18 U.S.C. § 3142(f)(1)(A).* Further, there is a serious risk that the defendant will flee and that the defendant's release will present a substantial risk to the community. *See 18 U.S.C. §3142(f)(2)(A) and (B).*

4. The crime alleged in the criminal complaint requires the Court to consider a rebuttable presumption that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. *18 U.S.C §3142(e)(3)(E).*

5. Moreover, the nature and circumstances of the charged offenses, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

6. The government is aware of the following evidence:

   a. The defendant has been involved in the sexual exploitation of children as well as the receipt, distribution, and possession of child pornography.

   b. In relation to the nature and circumstances of the offenses charged, the defendant is charged by criminal complaint with the sexual exploitation of children in violation of Title 18, United States Code, Section 2251, which carries a mandatory minimum penalty of 15 years. The defendant is also charged with receipt and distribution of child pornography in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1), which carries a mandatory minimum penalty of five years.

   c. The defendant is facing a significant amount of prison time and is believed to be a flight risk for that reason.

   d. In relation to the weight of the evidence supporting the charges in the instant criminal complaint, the following is presented to the Court:

   1. On May 19, 2014, a search warrant was executed at the above listed address. Located at the residence were both James and Gina Hajny. After identifying themselves and explaining that agents had a search warrant for the residence, agents asked to come inside the residence. Both Gina and James refused to grant entrance into the residence. In fact, both James and Gina Hajny attempted to physically resist agents from entering their residence. After gaining entrance into the residence, James Hajny (HAJNY) was patted down for weapons and what appeared to be a marijuana smoking pipe was located in his front left pocket.

   2. Agents then conducted an interview with HAJNY after reading him his Miranda rights. During the interview, HAJNY admitted to being the one responsible for creating the e-mail address jdh1023@gmail.com. James admitted to using a Russian website that begins with the letters, "IM" and uses this website to download and send out images of child pornography. Initially HAJNY stated this was done so to allow him to conduct an undercover investigation looking for pedophiles and has done this for the last month to a month and a half. HAJNY stated he was last on this website this morning (May 19, 2014) and uses the screen name of "jamieboi0629".

   3. HAJNY advised that all of the child pornography on his laptop computer was put there by him and no one else uses this computer. The computer is password protected. HAJNY stated there are approximately 100 child pornography images on his computer that he stores in several folders that he created. HAJNY advised they are all titled, "New Folder" with some numbers after it. A forensic preview was conducted on HAJNY'S laptop computer by TFO Larry Roller. TFO Roller observed approximately 1600 images of suspected child pornography that range in age from toddlers to approximately nine years old. These images depict the display of the genitalia, masturbation, oral sex, vaginal intercourse as well as anal sex involving

3

children within that age range. At least 16 videos were located that also contain suspected child pornography. During the interview, HAJNY also admitted to being sexually attracted to boys and girls between the age of 8 and 13 years old. HAJNY admitted to having child pornography on his laptop computer as well as his Samsung cell phone.

4. During the interview, HAJNY was asked about the specific images he may have taken. HAJNY initially denied taking images or videos himself. However, HAJNY later admitted that he did take images of a nine year female with his cellular telephone. HAJNY stated he took the images of the child while she slept and she did not know he was taking the photos. HAJNY said the photos depicted her buttocks and when he was asked what the liquid substance was that was on her buttocks, he said he had put saliva on his finger and then rubbed it on her buttocks. HAJNY admitted to taking these images of the child while she slept. Further additional forensic evidence recovered by agents revealed that HAJNY sexually abused and exploited at least one other child.

e. While the defendant does not have an extensive criminal history the heinous and disturbing nature of this defendant's criminal conduct cannot be ignored because of a lack of criminal history. Based on the defendant's own admissions, he has produced, received, distributed and possessed child pornography on an extensive scale. Furthermore, based on the observations of investigators and his own confession, HAJNY has sexually abused a 9 year old female as well as at least one other child. The evidence in this case thus far demonstrates a clear pattern of sexual exploitation and abuse that impacts several child and a clear effort by HAJNY to conceal his criminal conduct. As such, this defendant is a clear and present danger to all children and to the community in general.

f. Finally, the defendant's sexual exploitation of children clearly demonstrates that he has no respect for the law and is a clear and present danger to the safety and welfare of those children who reside in the same residence and he will continue to be a severe risk to the safety of the community at large should he be allowed out on bond.

4

**WHEREFORE**, the United States requests a pretrial detention hearing and that the Defendant be detained pending trial.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By  _/s/ Patrick Carney_
Patrick Carney
Assistant United States Attorney
KS Bar No. 20254
901 St. Louis Street
500 Hammons Tower
Springfield, Missouri  65806
Telephone:  (417) 831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of May, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

_/s/ Patrick Carney_
Patrick Carney
Assistant United States Attorney