**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|                   Plaintiff, | |
|        v. | Case No. 14-05022-01-CR-SW-BCW |
| JAMES HAJNY, | |
|                   Defendant. | |

## GOVERNMENT'S NOTICE OF ITS INTENT TO OFFER EVIDENCE OF DEFENDANT'S PRIOR CHILD MOLESTATIONS

The United States of America, through Tammy Dickinson, United States Attorney for the Western District of Missouri, and Ami Harshad Miller, Assistant United States Attorney, respectfully move the Court for an order admitting evidence of defendant's prior child sexual molestation offenses pursuant to Federal Rule of Evidence 414.

The United States intends on introducing evidence relating to defendant's previous molestations of his eight-year old son, John Doe. During this investigation, John Doe disclosed that the defendant had sexually abused him by touching his penis and anus. John Doe further disclosed that the defendant would take pictures of him while the sexual abuse was occurring. John Doe stated the defendant would take the pictures with the defendant's cell phone. John Doe related that the sexual abuse occurred in the family home. The forensic examination of a computer belonging to the defendant revealed multiple images of the defendant's eight-year old son.[1] The images depict John Doe nude, and often times the picture is focused on John Doe's penis.

---

[1] The separate production of child pornography also forms the basis for a separate Rule 404(b) notice filed concurrently with this motion.

Defendant's prior molestation of John Doe is significant as it explain his persistent abuse and interest in abusive contact with, and child pornography, involving prepubescent children. The molestation of these young children (the child victims in this instant prosecution are twelve and ten years of age) and child pornography featuring young children are central to the charges in this instant prosecution. Many of the described acts with John Doe occurred during the same time period and the same location as the charged acts in this prosecution.

As defendant is advancing general denial as a defense, this evidence supports the Government's case-in-chief relating to its burdens to demonstrate defendant's knowing and ongoing efforts to produce visual depictions of sexually explicit conduct of his niece and daughter, and is admissible under Rule 414.

## **LEGAL STANDARDS**

"If relevant, (prior bad acts involving child molestation) is admissible unless its probative value is 'substantially outweighed' by one or more" of the Rule 403 factors. *United States v. Reynolds*, 720 F.3d 665, 670-671 (8th Cir. 2013) (*citing United States v. Coutentos*, 651 F.3d 809, 819 (8th Cir. 2011)). "Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit a crime" under Rule 404(b) of the Federal Rules of Evidence. *Id.* "However, Congress altered this rule in sex offense cases by adopting Rules 413 and 414 of the Federal Rules of Evidence…(as) Rule 414 specifically provides for the admissibility of prior bad acts involving child molestation." *Id. see also, United States v. Crow Eagle*, 705 F.3d 325, 328 (8th Cir. 2013) (acknowledging that "Rule 403 is designed to exclude instances of *unfair* prejudice…(but) keeping in mind that the purpose of Rules 413 and 414 is to permit propensity evidence." *citing United States v. Gabe*, 237 F.3d 954, 959-60 (8th

2

Cir. 2001). The Eighth Circuit has recognized that "the purpose of this evidence is to show the defendant's propensity to commit a similar act of sexual assault." *Crow Eagle*, 705 F.3d at 327 (citing *United States v. Hollow Horn*, 523 F.3d 882, 888 (8th Cir. 2008)). The Eighth Circuit has held that evidence admitted pursuant to Rules 413 and 414 are not subject to analysis under Rule 404(b), because the policy statements in Rule 413 "renders the general prohibition on propensity evidence in Rule 404(b) inapposite." *See United States v. Tail*, 459 F.3d 854, 858 (8th Cir. 2006). "Rule 414 ... [is a] 'general rule[ ] of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions ... [and] will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b).' " *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir.1997) (quoting 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)).

As part of the Violent Crime Control and Law Enforcement Act of 1994, Congress enacted Rules 413 through 415 of the Federal Rules of Evidence. These rules establish unique and broad standards for the admission of evidence of a defendant's commission of charged and uncharged offenses of sexual assault or child molestation in cases where the defendant is charged with a federal child molestation or sexual assault offense. In contrast to Rule 404(b), which only allows uncharged acts evidence to be admitted on non-character theories of relevance, Rules 413 through 415 allow such evidence to be admitted and considered for its bearing "on any matter to which it is relevant." Thus, in addition to the non-character purposes allowed under Rule 404(b), evidence of other sexual assault or child molestation offenses may be admitted under the Rules to show the defendant's propensity to commit sexual offenses. Additionally, unlike Rule 404(b), and as discussed below, Rules 413 through 415 operate under a presumption

3

that evidence of prior sexual assault or child molestation offenses is admissible, and no artificial time limit on the conduct bars this presumption of admissibility.

For the reasons discussed below and pursuant to Federal Rule of Evidence 414, or, alternatively, Federal Rule of Evidence 404(b), the United States seeks to introduce evidence of the fact of defendant's previous child molestations.

### I.     BACKGROUND ON FEDERAL RULES OF EVIDENCE 413-415

Federal Rule of Evidence 414 ("Evidence of Similar Crimes in Child Molestation Cases") provides, in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

The Rule defines "child molestation" to include contact between any part of the defendant's body – or an object – and a child's genitals or anus;" (FED. R. EVID. 414(d)(2)(C)) as well as "an attempt or conspiracy to engage" in the enumerated conduct. FED. R. EVID. 414(d)(2)(F). This prosecution is a "criminal case in which a defendant is accused of child molestation," since one of the charged offenses – production of child pornography in violation of 18 U.S.C. § 2251 – consists of "conduct prohibited by 18 U.S.C. chapter 110" (which includes violations of 18 U.S.C. §§ 2251-2260A). FED. R. EVID. 414(d)(2)(B)

Congress enacted Federal Rules of Evidence 413–415 as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. No. 103-322, 108 Stat. 1796 (1994). These Rules are designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any

4

risk of prejudice or other adverse effects." 140 Cong. Rec. H8991-92 (1994) (remarks of principal House sponsor, Rep. Molinari); *see also,* 140 Cong. Rec. S12990; David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 Chi.-Kent. L. Rev. 15, 19 (1994). The legislative sponsors of Rules 413-415 further noted that:

> The reform effected by these rules is critical to the protection of the public…[a]nd is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant -- a sexual or sado-sexual interest in children -- that simply does not exist in ordinary people.
>
> Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, ***there is a compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense***.
>
> Similarly, sexual assault cases, where adults are the victims, often turn on difficult credibility determinations…Knowledge that the defendant has committed rapes on other occasions is frequently critical in assessing the relative plausibility of these claims and accurately deciding cases that would otherwise become unresolvable swearing matches. The underlying legislative judgment is that the evidence admissible pursuant to [Rules 413–415] is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects.

*Id*. (emphasis added)

In adopting these rules, Congress built upon a large body of precedent favoring a permissive approach to similar crimes evidence in sex offense cases. Many jurisdictions have recognized the need for special evidence rules to ensure fully informed decisions by juries in cases involving sexually violent crimes or the sexual abuse of children. Such jurisdictions have historically allowed such evidence through the adoption of special "lustful disposition" rules. *See* Thomas J. Reed, *Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases*, 21 Am. J. Crim. L. 127, 188 (1993) (characterizing 29 states as allowing

5

propensity evidence in some category or categories of sex offense cases). Other jurisdictions achieved similar results by interpreting standard exception categories like those found in Rule 404(b) with unusual liberality in sex offense cases. *See, e.g.*, IA *Wigmore's Evidence* § 62.2, at 1334-35 (Tillers rev. 1983) (rule against propensity evidence often not honored in sex offense cases). Furthermore, Congress recognized and intended that this approach would make the admission of similar crimes evidence in federal sex offense cases the norm, and its exclusion the exception. The legislative sponsors noted:

> The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. The ***presumption is in favor of admission***. The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects.
>
> In line with this judgment, the rules do not impose arbitrary or artificial restrictions on the admissibility of evidence. Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible, as well as evidence of prior convictions. No time limit is imposed on the uncharged offense…as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses

140 Cong. Rec. H8, 992 (1994) (Statements of Rep. Molinari and Senator Dole) (emphasis added); *See also,* 137 Cong. Rec. S3212, S338-3242 (1991); Karp, 70 Chi.-Kent L. Rev. at 19.

The Eighth Circuit has recognized the clear language of Rule 414, especially in conjunction with the aforementioned Congressional intent in its passage. *See, United States v. Gabe*, 237 F.3d 954 (8th Cir. 2001). In *Gabe*, the Eighth Circuit held that witness testimony from a defendant's sexual abuse of a victim twenty years prior to the instant charge was admissible. *United States v. Gabe*, 237 F.3d 954 (8th Cir. 2001). *Gabe* acknowledged that a prior victim's

testimony was prejudicial for the same reason it was probative – that it tended to prove a defendant's propensity to molest young children when presented with an opportunity to remain undetected. *Id*. at 960. However, the *Gabe* decision noted that because "propensity evidence is admissible under Rule 414, this is not *unfair* prejudice." *Id.* (emphasis in original). The Eighth Circuit has likewise noted that, in Rule 414's enactment, Congress "expressly rejected imposing any time limit on the admission of prior sex offense evidence." *Reynolds*, 720 F.3d at 671 (*citing* 140 Cong. Rec. H8, 992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari) ("evidence of other sex offenses by the defendant is often probative and admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses.")).

During this investigation, John Doe disclosed that the defendant had touched his penis and anus on multiple occasions. John Doe further disclosed that the defendant would take pictures of his penis and anus while the sexual abuse was occurring. The forensic examination of a computer belonging to the defendant revealed multiple nude or partially nude images of the defendant's eight-year old son. The images depict John Doe's penis from different distances. The child molestation of John Doe is similar in time and nature to that which forms the basis to the instant prosecution, and is significant as it explains his persistent abuse and interest in abusive contact with and child pornography involving prepubescent children.

## II. THE PROBATIVE VALUE OF THE EVIDENCE IS NOT SUBSTANTIALLY OUTWEIGHED BY A RISK OF UNDUE PREJUDICE AND THERE ARE NO RELEVANT FACTORS OVERRIDING THE PRESUMPTION FAVORING ADMISSION

The Eighth Circuit has recognized that while "Rule 403 is designed to exclude instances of unfair prejudice," it is also true that "the purpose of Rules 413 and 414 is to permit propensity evidence." *Crow Eagle*, 705 F.3d at 328 (*citing United States v. Gabe*, 237 F.3d 954, 959-60

7

(8th Cir. 2001)). The Eighth Circuit found the prejudicial effect of any such evidence could be mitigated by limiting the number of witnesses testifying to Rule 413 and 414 evidence, and including a cautionary jury instruction. In *Crow Eagle*, the Eighth Circuit held that the limitation on testifying witnesses and "the cautionary jury instructions indicate that the district court properly balanced the probative value of the evidence with the risk of unfair prejudice." *Id.* (*quoting United States v. Carter*, 410 F.3d 1017, 1022 (8th Cir 2005) ("The district court, moreover, decided to limit the number of witnesses that the government could offer and to give the jury a cautionary instruction with respect to how the witnesses' testimony should be used."). *Crow Eagle* went on to hold that, "'[m]oreover, '[b]ecause the evidence [of prior abuse] was so similar to [one of] the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case.'" *Id*. (*quoting Gabe*, 237 F.3d at 960 (citations omitted)).

In the instant prosecution, any evidence related to these prior child molestations would be elicited from John Doe. The conduct that forms the basis for his previous child molestations is similar in act and time to the conduct that forms the basis for the production in this instant case, namely, molesting and fondling the genitals of the defendant's children and niece.

Lastly, the Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit explicitly provides for a limiting instruction in sexual assault and child molestation cases (Eight Circuit Model Instruction No. 2.08A). As a caution against any conceivable prejudicial effect, the United States intends on submitting this model instruction in its packet to the Court, and its specific language is as follows:

**2.08A. DEFENDANT'S PRIOR SIMILAR ACTS IN SEXUAL ASSAULT AND CHILD MOLESTATION CASES (Fed. R. Evid. 413 and 414)**

> You [are about to hear] [have heard] evidence that the defendant may have previously committed [another] [other] offense[s] of [sexual assault] [child molestation]. The defendant is not charged with [this] [these] other offense[s]. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.
>
> If you find that [this offense has] [these offenses have] not been proved, you must disregard [it] [them]. If you find that [this offense has] [these offenses have] been proved, you may consider [it] [them] to help you decide any matter to which [it is] [they are] relevant. You should give [it] [them] the weight and value you believe [it is] [they are] entitled to receive. You may consider the evidence of such other act[s] of [sexual assault] [child molestation] for its tendency, if any, to show the defendant=s propensity3 to engage in [sexual assault] [child molestation] [.] [, as well as its tendency, if any, to [determine whether the defendant committed the acts charged in the Indictment] [determine the defendant=s intent] [determine the identity of the person who committed the act[s] charged in the Indictment] [determine the defendant=s (motive) (plan) (design) (opportunity) to commit the act[s] charged in the Indictment] [determine the defendant=s knowledge] [rebut the contention of the defendant that [his] [her] participation in the offense[s] charged in the Indictment was the result of (accident) (mistake) (entrapment)] [rebut the issue of ___ raised by the defense].]
>
> Remember, the defendant is on trial only for the crime[s] charged. You may not convict a person simply because you believe [he] [she] may have committed similar acts in the past.

The "Notes on Use" following the language of this model instruction offers further helpful guidance that is both practical and precedential regarding the Eighth Circuit's position and approach towards Rule 413 and 414 evidence, stating as follows:

> This instruction should be given both during the trial -- ideally prior to the time a witness testifies about another sexual assault or child molestation -- as well as in the final instructions. *See United States v. Summage*, 575 F.3d 864, 878 (8th Cir. 2009) (finding no abuse of discretion in allowing a witness's testimony about a prior child molestation under Rule 414, noting the court gave a limiting instruction during the trial which "diminishes the danger of unfair prejudice," and setting forth the limiting instruction given in the final instructions); *United States v. Bentley*, 561 F.3d 803, 816 (8th Cir. 2009) (finding no abuse of discretion in admitting testimony under Rule 414 and noting that the court "took precautions to limit the prejudicial nature of the Rule 414 testimony" by instructing the jury both before the witnesses testified and in its final charge); *United*

*States v. Hollow Horn*, 523 F.3d 882, 889 & n.9 (8th Cir. 2008) (finding no abuse of discretion in admitting testimony under Rule 413 where the court gave a limiting instruction after the witness's direct examination but before her cross-examination).

## CONCLUSION

For the above reasons, the United States respectfully submits that evidence of defendant's prior and recent child molestations is relevant and pertinent to the case at hand, and is not otherwise prohibited by any unfair prejudice.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By: */s/ Ami Harshad Miller*
Ami Harshad Miller, MO Bar No. 57711
Assistant United States Attorney
901 St. Louis Street, Ste. 500
Springfield, Missouri 65806

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 5, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

> */s/ Ami Harshad Miller*
> Ami Harshad Miller
> Assistant United States Attorney