# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                        Case No. 14-05022-01-CR-SW-BCW

JAMES HAJNY,

        Defendant.

## GOVERNMENT'S NOTICE REGARDING FEDERAL RULE OF EVIDENCE 404(b) – SIMILAR PRODUCTION OF CHILD PORNOGRAPHY

The United States of America, through Tammy Dickinson, United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, files this Notice Regarding Federal Rule of Evidence 404(b) to disclose to the Court certain evidence it intends to use during its case-in-chief.

The United States intends on introducing evidence relating to the defendant's production of child pornography with his eight-year old son, John Doe, that is highly similar in act, time, method, plan and execution as the charged conduct in the Indictment. During this investigation, John Doe disclosed that the defendant had sexually abused him by touching his penis and anus. John Doe further disclosed that the defendant would take pictures of him while the sexual abuse was occurring. John Doe stated the defendant would take the pictures with the defendant's cell phone. John Doe related that the sexual abuse occurred in family home. The forensic examination of a computer belonging to the defendant revealed multiple images of the defendant's eight-year old son. The images depict John Doe nude, and often times the picture is focused on John Doe's penis.

This evidence supports the defendant's use of his personal cellular telephone and personal laptop computer to produce images of child pornography charged in Counts 1 and 4 of the indictment, that being of his ten year old niece and his seven year old daughter.  As the defendant is advancing general denial as a defense, this evidence supports the Government's case-in-chief relating to its burden to demonstrate the defendant's knowing and ongoing efforts to produce visual depictions of sexually explicit conduct of his daughter and niece, and is admissible under Rule 404(b).

The production of child pornography of John Doe is highly similar in act, time, method, plan and execution as the charged conduct in the Indictment. The Indictment charges the defendant with the production of child pornography relating to pictures taken of his ten year old niece year old in May 2014 and of his seven year old daughter taken during 2013 and 2014. During the same time period, 2014, sexually explicit images of the defendant's seven year old daughter and ten year old niece were located on the same website, "imgsrc.ru."  A forensic examination of the defendant's cellular phone and personal laptop computer revealed numerous sexually explicit images of his niece, daughter, and John Doe.  All three children disclosed that they were being sexually molested by the defendant, during which, the defendant took sexually explicit photographs with his cellular phone.  All the acts occurred in the family residence located in Joplin, Missouri.

The testimony offered at trial will be through admissions made to Southwest Missouri Cyber Crimes Task Force Officer Charles Root, and through the direct examination of the defendant's niece, daughter, and John Doe.

**DISCUSSION**

2

The United States intends to introduce evidence during its case-in-chief at trial that, within the same time frame that the defendant produced the charged child pornography of his niece and daughter in Counts 1 and 4 of the Indictment, the defendant had also produced child pornography of his eight year old son in a similar manner, time, and place.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, this rule enumerates many justifications for its permissible use, stating:

> "This evidence may be admissible for another purpose, such as proving **motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident**." (emphasis added)

FED.R.EVID. 404(b)(2). The Eighth Circuit has held that "Rule 404(b) is one of *inclusion* rather than *exclusion*." *United States v. Arcoren*, 929 F.2d 1235, 1243 (8th Cir.), *cert. denied,* 502 U.S. 913 (1991) (emphasis added). If the government can offer a proper purpose for the admission of the evidence, the evidence is to be admitted unless considerations of <u>unfair</u> prejudice (Rule 403) dictate otherwise. *United States v. Butler*, 56 F.3d 941 (8th Cir.), *cert. denied,* 516 U.S. 924, (1995); *United States v. Yellow*, 18 F.3d 1438, 1441 (8th Cir. 1994); *United States v. Dobynes*, 905 F. 2d 1192 (8th Cir. 1990), *cert. denied*, 498 U.S. 877 (1990). The admission of evidence under Rule 404(b) is left to the broad discretion of the trial judge, *United States v. Crouch*, 46 F.3d 871 (8th Cir.), *cert. denied*, 516 U.S. 871, (1995), and the trial court does not abuse this discretion by admitting such evidence unless the evidence clearly had no bearing on any material issue in the case. *United States v. DeAngelo,* 13 F.3d 1228, 1232 (8th Cir.), *cert. denied,* 512 U.S. 1224 (1994).

### 1. The Defendant's Production of Child Pornography with John Doe is Relevant to Issues at Trial, Similar in Kind and Time and Act

Evidence that may be considered a "crime, wrong, or other act" under a Rule 404(b) analysis may be "admitted to show knowledge and intent if relevant to an issue at trial, similar in kind and time to the crime charged, supported by the evidence, and its probative value outweighs its prejudicial value." *United States v. Cooke*, 675 F.3d 1153, 1157 (8th Cir. 2012) (quoting *United States v. Turner*, 583 F.3d 1062, 1-65 (8th Cir, 2009)).[1] In *Cooke*, the Eighth Circuit ruled that the district court did not abuse its discretion in allowing the admission of a human trafficking defendant's emails with unidentified females and friends that were of a sexually explicit nature, despite the fact that they occurred approximately 14 months prior to the charged conduct in that case. *Id.* In *Cooke*, the Eighth Circuit looked favorably on the admission of this evidence, particularly in light of the limiting instruction that was given to the jury which diminished any danger of prejudice. *Id.* In *United States v. Reynolds*, 720 F.3d 665 (8th Cir. 2013), the Eighth Circuit also approved the use of Rule 404(b) evidence in a child pornography production and receipt case.

The defendant's production of a visual depiction with John Doe is similar in act, kind and time to the charged conduct relating to his niece and daughter in the Indictment. In our instant case, the defendant admitted to producing the visual depiction of his eight year old niece in May 2014 at his residence in Joplin, Missouri. The forensic examination revealed images of all three children on the defendant's digital devices, including his cellular phone and laptop computer.

---

[1] The Eighth Circuit has recognized this four part analysis to assess the admissibility of conduct that falls under a Rule 404(b) examination. *See United States v. Clark*, 668 F.3d 568, 574 (8th Cir. 2012) ("Evidence of prior bad acts is admissible under Rule 404(b) for limited purposes such as intent, knowledge, or absence of mistake if: (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.") (*quoting United States v. Green*, 151 F.3d 1111, 1113 (8th Cir. 1998)).

4

All three children disclosed that the defendant had sexually molested them by touching their vagina, anus, and/or penis, and the defendant took photographs of the abuse with a cellular phone. All three children disclosed this occurred in the family residence in Joplin, Missouri, during 2014.

### 2. The Defendant's Conduct in Producing Child Pornography with John Doe is Permissible Under Rule 404(b)(2)

Evidence relating to the defendant's similar use of this cellular telephone and personal laptop computer to produce visual depictions of sexually explicit conduct will be offered during the Government's case-in-chief as it goes to multiple permitted uses under 404(b)(2). The defendant claims general denial as a defense.

The defendant's near contemporaneous attempted production of visual depictions of his other child, John Doe, goes to the defendant's ***opportunity, intent, preparation*** and ***plan*** in the production of child pornography in this instant case. Moreover, the defendant's obvious role in the production of all of these visual depictions goes to his ***knowledge, identity, absence of mistake*** and ***lack of accident***.

### CONCLUSION

In summation, the Government intends to present the defendant's similar and related production of visual depictions of sexually explicit conduct with his son, John Doe.

5

Respectfully submitted,

Tammy Dickinson
United States Attorney

By:    */s/ Ami Harshad Miller*
Ami Harshad Miller, MO Bar No. 57711
Assistant United States Attorney
901 St. Louis Street, Ste. 500
Springfield, Missouri 65806

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 5, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney