IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>JAMES HAJNY,<br>              Defendant. | Case No. 14-05022-01-CR-SW-BCW |

## GOVERNMENT'S MOTION IN LIMINE

The United States of America, through Tammy Dickinson, United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, files this motion in limine to preclude the defendant from asserting matters of law to the jury, specifically suppression of evidence, that the search of the defendant's residence and seizure of evidence from his residence was in violation of the Fourth Amendment, and that the defendant's post-*Miranda* confession was in violation of the Fifth Amendment, as this issue must be made before the trial court prior to trial. Fed.R.Crim.P. 12(b)(3).

## I. INTRODUCTION

During the pendency of this case, the defendant has filed *pro-se* documents and made oral representations to the court that the search of his residence and the subsequent seizure of evidence were in violation of the Fourth Amendment. The Government believes the defendant will attempt to elicit evidence through his own testimony, or the testimony of other witnesses, that he was never provided a copy of the search warrant and consequently, the search warrant was invalid. The defendant has also made it clear that he believes the audio-recorded, post-*Miranda* interview, with Federal Bureau of Investigation Task Force Officer Charles Root was

1

conducted in violation of the Fifth Amendment. Therefore, the Government seeks this motion in limine to prohibit the defendant from eliciting testimony or arguing to the jury, that the search of his residence and/or his post-*Miranda* statement were in violation of the Fourth and Fifth Amendment, respectively.

## II. SUGGESTIONS IN SUPPORT OF THE MOTION IN LIMINE

Since the Supreme Court's decision in *Sparf v. United States*, 156 U.S. 51, 73, 15 S. Ct. 273, 282, 39 L. Ed. 343 (1895), federal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts. Consequently, the admissibility of evidence is a question for the court rather than the jury. *Lego v. Twomey*, 404 U.S. 477, 490, 92 S. Ct. 619, 627, 30 L. Ed. 2d 618 (1972). Furthermore, Fed.R.Crim.P. 12(b)(3), states that a suppression issue must be raised before trial, and the failure to raise the issue in a timely pretrial motion results in "waiver" of the matter under Rule 12(f). *United States v. Frazier*, 280 F.3d 835, 845 (8th Cir. 2002).

The determination of whether evidence was obtained in violation of the defendant's constitutional rights, and thus suppressible, is an issue for the court, not the jury. Specifically, when determining whether a defendant's statements were received in violation of the Fifth Amendment, the Eighth Circuit has held that is a question for the trial court. See *United States v. Ferrer-Montoya*, 483 F.3d 565, 569 (8th Cir. 2007) ("the question of whether a suspect invoked his right to remain silent is a factual determination for the district court…" (citing *United States v. Cody*, 114 F.3d 772, 775 (8th Cir.1997)); *United States v. Liddell*, 517 F.3d 1007, 1009 (8th Cir.), cert. denied, ––– U.S. ––––, 129 S.Ct. 627, 172 L.Ed.2d 609 (2008) ("[w]hether facts support an exception to the *Miranda* requirement is a question of law." (quoting *United States v.*

2

*Lackey*, 334 F.3d 1224, 1226 (10th Cir.2003)); *Bell v. Norris*, 586 F.3d 624, 631 (8th Cir. 2009) ("[t]he question of whether a defendant understood the *Miranda* warnings is a question of fact, but the ultimate question of whether a waiver was valid is a question of law").

Similarly, when a defendant challenges a search or seizure of his person or property in violation of the Fourth Amendment, those are determinations for the trial court, not the jury. *United States v. McNally*, 485 F.2d 398, 406 (8th Cir. 1973) (factual determinations, conclusions of law from those determinations, and the credibility of witness on a motion to suppress are for the district court's determination.); *United States v. Va Lerie*, 424 F.3d 694, 700 (8th Cir. 2005) (A seizure in violation of the Fourth Amendment involves a pure question of law (citing *United States v. Smith*, 260 F.3d 922, 924 (8th Cir.2001)).

The defendant has filed no motion to suppress evidence or statements as is required under Rule 12(3)(c) seeking to challenge a search and/or seizure or any statements made by him. This Court's Scheduling and Trial Order directed parties to file relevant pretrial motions on or before twenty days from June 23, 2014. (Doc. 18.) The defendant filed no motion to suppress, and sought no extension of the deadline to file pretrial motions. Fed.R.Crim.P. 12(c)(2) and (3). Although the witness or the defendant may testify to the facts and circumstances of the search of the defendant's residence and his interview, the defendant may not attempt to elicit testimony or argue the legality of the search and his statements.

## **CONCLUSION**

For the reasons stated above, the Government respectfully requests this Court grant the Government's motion in limine to preclude the defendant for eliciting testimony or making

arguments that the search and seizure of his residence and his statements violated his Constitutional rights.

                          Respectfully submitted,

                          Tammy Dickinson
                          United States Attorney

By:    */s/ Ami Harshad Miller*
       Ami Harshad Miller, MO Bar No. 57711
       Assistant United States Attorney
       901 St. Louis Street, Ste. 500
       Springfield, Missouri 65806

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a copy of the foregoing was delivered on July 8, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                 */s/ Ami Harshad Miller*
                 Ami Harshad Miller
                 Assistant United States Attorney